UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY ENRIQUE HERRERA,

              Plaintiff,

    -against-

HONORABLE JUDGE MALAVE
GONZALEZ, ET AL.,

              Defendants.

25-CV-5432 (LTS)

ORDER DIRECTING PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

When Plaintiff filed this complaint on June 26, 2025, he provided an address in Scranton, Pennsylvania. (ECF 1.) By order dated July 18, 2025, the Court directed Plaintiff to either pay $405.00 in fees–a $350.00 filing fee plus a $55.00 administrative fee–or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. (ECF 3.) Plaintiff submitted an IFP application and another document showing that he is currently detained at the Lackawanna County Jail. (ECF 5, 6.)

To proceed with a civil action in this Court, a prisoner must submit and IFP application and a prisoner authorization form. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[1] *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the

---

[1] Plaintiff submitted an outdated prisoner authorization, which does not specify the amount of money to be deducted from his prisoner account. (ECF 5 at 8.)

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted

prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached prisoner authorization form. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 25-CV-5432 (LTS).[3]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 1, 2025
          New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

IFP status under 28 U.S.C. § 1915.

[3] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.